**Law Office of Joseph L. Stark & Assoc. APC**
23504 Lyons Avenue
Suite 404
Santa Clarita, CA 91321
T: (661) 799-1880
F: (661) 799-1881
John M. Bergerson - State Bar No. 125320
jmb@legalkix.com

Attorneys For: Defendant, STEVEN BROWN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES LANCASTER DISTRICT

| | |
|---|---|
| RAY BUTLER                                    )<br>                                                        )<br>               Plaintiffs,                            )<br>                                                        )<br>        v.                                                )<br>                                                        )<br>                                                        )<br>AVIS RENT A CAR SYSTEM, INC., STEVEN )<br>BROWN and DOES 1-50,                       )<br>                                                        )<br>               Defendants                         ) | Case Number: 20AVCV00417<br><br>ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT, STEVEN BROWN |

COMES NOW, Defendant, STEVEN BROWN, and answering the Complaint on behalf of itself only, admits, denies and alleges as follows:

Pursuant to California Code of Civil Procedure § 431.30(c), this answering Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint, and the whole thereof, and further denies, that as a proximate result of any conduct on the part of this answering Defendant, that Plaintiff has been injured or damaged in the sum or sums alleged, or at all.

//

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

(Insufficient Factual Pleading)

1. The Complaint and each and every cause of action therein contained fails to allege sufficient facts to constitute a cause of action as against this answering Defendant.

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

(Acts of Others)

2. Defendant is informed and believes and on that basis alleges that any injuries or damages allegedly sustained by Plaintiff were caused or contributed by the negligence and or other wrongful conduct of persons, entities, partnerships, corporations, municipalities or entities other than this Answering Defendant and that such negligence or other wrongful conduct comparatively reduces the percentage of negligence or other liability, if any, of this Defendant.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

(Contributory Negligence)

3. Plaintiff's action is barred in whole or in part by reason of Plaintiff's acts or omissions and/or contributory conduct which conduct proximately caused or contributed to the injuries and damages claimed by Plaintiff.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

4. Plaintiff's action is barred in whole or in part by reason of the application of the statute of limitations pursuant to California Code of Civil Procedure §§ 337(1), 337.1(a)(1), 337.1(a)(2), 337.1(b), 337.15(a)(1), 337.15(a)(2), 337.15(g), 338(b), 339(1), 340(1), 359, 377, et seq., and all other applicable provisions of the Code of Civil Procedure of the State of California.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Assumption of Risk)

5. Plaintiff knew and appreciated the risks inherent in the activities in which Plaintiff was participating at the times and places mentioned in the Complaint. Plaintiff knowingly and voluntarily, impliedly assumed all of the risks incident to such conduct.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

(Standing)

6. Plaintiff lacks standing to prosecute this action.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Estoppel)

7. Plaintiff is equitably estopped to assert the claims and rights set forth in the Complaint as against this answering Defendant.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

(Intervening Cause)

8. Acts or omissions of others than this answering Defendant constitute intervening and or superseding causes of the Plaintiff's injuries or damages if any.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

(Laches)

9. Plaintiff has prejudiced the Defendant by way of the undue delay in prosecuting this matter.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Absence of Insurance)

10. Plaintiff's claim for noneconomic damages, is limited by reason of California Civil Code § 3333.4 on the grounds that the Plaintiff did not have liability insurance as required by the laws of the state of California.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Comparative Fault of Third Parties)

11. This answering Defendant is informed and believes, and upon such information and belief, alleges that the accident and injuries, if any, allegedly suffered by Plaintiff were proximately caused and contributed to by the negligence of third parties (not this answering Defendant), and that these third parties failed to exercise reasonable care at and prior to the time of the damages, and by reason thereof, any recovery by Plaintiff against this answering Defendant

3

21

Law Office of Joseph L. Stark & Assoc. APC
25304 Lyons Avenue
Santa Clarita, CA 91321
661.799.1880

ANSWER TO COMPLAINT ON BEHALF OF BROWN
EXHIBIT 2

for non-economic damages, if any, must be reduced by an amount equal to the proportionate fault of these third parties.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

(Several Liability for Non-Economic Damages)

12. The right of Plaintiff to recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to this answering Defendant pursuant to California Code of Civil Procedure § 1431.1 through §1431.5. As such Plaintiff is barred and precluded from recovery against this answering Defendant for any noneconomic damages except those allocated in direct proportion to the percentage of fault allocated to answering Defendant.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Non-Joinder of Necessary Parties)

13. Plaintiff has failed to join all parties necessary for full and final resolution of this lawsuit.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Intervening Superseding Causes)

14. This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other Defendant, persons and/or other entities, and that these acts were an intervening and/or superseding cause of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against this answering Defendant.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Contributory Negligence)

15. This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, the Plaintiff was negligent, careless, reckless and unlawfully conducted himself/herself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages. This negligence bars either completely or partially the recovery sought by the Plaintiff.

Law Office of Joseph L. Stark & Assoc. APC
25304 Lyons Avenue
Santa Clarita, CA 91321
661.799.1880

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Contribution)

16. This answering Defendant alleges that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant.

### SEVENTEENTH, SEPARATE AFFIRMATIVE DEFENSE

(Apportionment)

17. If Plaintiff suffered or sustained any damages as alleged in the complaint, those damages were proximately caused and contributed to by persons other than this answering Defendant, including but not limited to Doe Defendants. The liability of all Defendants and responsible parties, named or unnamed, should be apportioned according to her relative degrees of fault, and the liability of this answering Defendant should be reduced accordingly.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Estoppel)

18. The Plaintiff is equitably estopped to assert the claims and rights set forth in the complaint against this answering Defendant.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Bar of Claim)

19. Plaintiff's claims for damages against this Defendant is barred to the extent of any settlement between Plaintiff and the operator of the vehicle owned by Defendant herein.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

(Settlements)

20. Plaintiff's claims against this Defendant are diminished in an amount equal to settlements reached with tortfeasors responsible for the Plaintiff's injuries and Plaintiff's resulting damages to the extent of the amounts of any such settlements.

Law Office of Joseph L. Stark & Assoc. APC
25304 Lyons Avenue
Santa Clarita, CA 91321
661.799.1880

### TWENTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

(Limited Exposure)

21. Plaintiff's claims against this Defendant are limited to the extent provided for in Vehicle Code §17150, et. seq.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to Comply with Mandatory Safety Equipment Use)

22. To the extent that the Plaintiff failed to utilize a seatbelt and or other applicable and statutorily mandated safety equipment at the time of the subject accident while in a moving motor vehicle, Plaintiff's ultimate recovery, if any, shall be reduced to the extent that any injuries or degree of injury were caused by the failure to utilize such equipment in violation of California state law.

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

(Bar of Recovery as Against Owner)

23. Plaintiff's claims as against this answering Defendant may be precluded by federal law specifically the "Graves Amendment" contained within the Safe, Accountable, Flexible, Efficient Transportation Equity Act of 2005 (SAFETEA-LU) identified as Section 30106 of subchapter (i) of Chapter 301 of Title 49 United States Code.

WHEREFORE, answering Defendant prays:

1. That Plaintiff takes nothing by his Complaint;
2. For costs of suit incurred herein;
3. For attorney fees pursuant to C.C.P. §1021.6 and/or any and all other applicable code sections;
4. For such other and further relief as the court deems just and proper.

DATED: July 27, 2020           JOSEPH L. STARK & ASSOC. APC

By: _____
JOHN M. BERGERSON
Attorneys For: Defendant, STEVEN BROWN

**PROOF OF SERVICE**
1013A (3) CCP Revised 1/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action: my business address is 23504 Lyons Avenue, Suite 404, Santa Clarita, CA 91321.

On July 27, 2020, I served the foregoing document described as ANSWER TO COMPLAINT ON BEHALF OF STEVEN BROWN on THE INTERESTED PARTIES in this action
by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.
_X_ by placing    the original    _X_ a true copy thereof enclosed in sealed envelopes addressed as follows:

Elliot Zarabi
The Zarabi Firm, APC
1055 West 7th Street
Suite 1770
Los Angeles, CA 90017
213.784.2524
213.784.2514
ELLIOT@ZARABILAW.COM

**BY FACSIMILE** to the facsimile number(s) above

**BY EMAIL** to the email address(es) above

_X_ **BY MAIL**

I deposited such envelope in the mail at Santa Clarita, California. The envelope was mailed with postage thereon fully prepaid.

_X_ I caused such envelope to be deposited in the mail at Santa Clarita, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit. Executed on July 27, 2020, at Santa Clarita, California.

**BY PERSONAL SERVICE** I delivered such envelope by hand to the offices of the addressee.
Executed on , at Santa Clarita, California.

_X_    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria McKnight
Type or Print Name                                    Signature