UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08825-RGK-PLA | Date | November 23, 2020 |
|---|---|---|---|
| Title | *Ray Butler v. Avis Rent A Car System Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 11]

### I. INTRODUCTION

On June 25, 2020, Ray Butler ("Plaintiff") filed a Complaint against Avis Rent a Car System, Inc., ("Avis") and Steven Brown ("Brown") (collectively, "Defendants") alleging: (1) motor vehicle negligence and (2) general negligence. Plaintiff's claims arise from an auto collision between Plaintiff and Brown. On September 25, 2020, the United States of America ("the Government") filed a Notice of Removal pursuant to 28 U.S.C. § 2679(d)(2) on the grounds that Brown was acting in his capacity as an employee of the United States during the collision.

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **DENIES** Plaintiff's Motion.

### II. FACTUAL BACKGROUND

In July of 2018, Plaintiff was injured in an auto collision with Brown, who was driving a vehicle he rented from Avis. On June 25, 2020, Plaintiff filed this action in state court.

On September 25, 2020, the Government removed the case to federal court. In its Notice of Removal, the Government certified that Brown was acting within the course and scope of his employment with the United States. The Government did not, however, state whether Avis or Brown had joined in its Notice of Removal. But on October 14, 2020, the Government filed a Notice of Association of Counsel, stating that Avis would be represented in the matter. ECF No. 8.

### III. JUDICIAL STANDARD

After a defendant files a notice of removal, a plaintiff may file a motion to remand the case back to state court due to procedural defects in the removal or because the court lacks subject matter jurisdiction. 28 U.S.C. § 1447. Generally, "[a] notice of removal of a civil action or proceeding shall be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08825-RGK-PLA | Date | November 23, 2020 |
| Title | *Ray Butler v. Avis Rent A Car System Inc., et al.* | | |

filed within 30 days after the receipt by the defendant . . ." of the initial pleading. 28 U.S.C. 1446(b)(1). And "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Under the Federal Torts Claims Act ("FTCA"), any civil action involving a defendant employee who was "acting within the scope of his office or employment" with the United States Government at the time of the incident out of which the claim arose must be removed to the district court in which the action is pending. 28 U.S.C. § 2679(d)(2). Additionally, the United States is substituted as a party. *Id.* Removal is proper once the Attorney General certifies that the employee was acting within the scope of his or her employment with the United States. *Id.* This certification "conclusively establish[es] scope of office or employment for purposes of removal." *Id.*

**IV.    DISCUSSION**

Plaintiff argues that the case should be remanded because the Government's removal failed to comply with the procedural requirements of 28 U.S.C. § 1446, and the parties are not diverse for purposes of diversity jurisdiction. The Government contends that Plaintiff's claims fall under the FTCA, and therefore does not require diversity of citizenship. Nor must the Government comply with the removal procedures under 28 U.S.C. § 1446 because 28 U.S.C. § 2679 governs. The Court agrees with the Government.

When the Government removes an action under the FTCA and the Attorney General certifies that a defendant employee was acting within the scope of his or her employment with the United States, "exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Osborn v. Haley*, 549 U.S. 225, 231 (2007).

Here, the Government certified that Brown was acting within the scope of his employment with the United States during the accident with Plaintiff. (Notice of Removal, ECF. No 1., Exh. 3). This certificate conclusively established Brown's scope of employment for purposes of removal under 28 U.S.C. § 2679(d)(2). Consequently, "the litigation is thereafter governed by the Federal Tort Claims Act[.]" *Osborn*, 549 U.S. at 230. Thus, there is no need for diversity of citizenship, and the Court "may not remand the suit to state court." *Osborn*, 549 U.S. at 231.

Even if the Court had the authority to remand to state court for procedural defects, the procedural defects Plaintiff points to—failure to obtain consent of the other defendants and timely removal—do not require remand. Courts have held that these procedural defects do not relieve federal courts of jurisdiction in FTCA cases. For example, a district court found that the same procedural defects cited in Plaintiff's Motion—failure to timely remove and join parties—did not warrant remand to state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08825-RGK-PLA | Date | November 23, 2020 |
|---|---|---|---|
| Title | *Ray Butler v. Avis Rent A Car System Inc., et al.* | | |

*Thrasher v. Lips*, No. 07-141-RET-DLD, 2007 WL 9706679, at *2 (M.D. La. July 30, 2007). In addition, other courts have analyzed the statutory language of § 1446(b)(2)(A) and concluded that "when Congress expressed that the consent requirement shall apply to civil actions 'removed solely under section 1441(a)' it sought to include only those categories of cases where removal was authorized by § 1441(a) and exclude cases where removal was authorized by other removal statutes." *Penson Financial Services. v. Golden Summit Investors*, No. 3:12-CV-300-B, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012), As an example of when § 1446(b)(2)(A) would not apply, the court cited to 28 U.S.C. § 2679(d). *Id.*; *see also Ogeone v. United States*, CV No. 13–00166-SOM-RLP, 2013 WL 3807798, at *5 (holding that the procedure for timely notice of removal was governed by FTCA and not 28 U.S.C. § 1446(b)).

The Court finds the reasoning of these courts persuasive. Since FTCA applies, procedural defects under 28 U.S.C. § 1446—like obtaining the consent of all the other defendants and timing—do not relieve the Court of jurisdiction, and the Government need only follow FTCA procedural requirements. Under FTCA, any civil action "shall be removed without bond at any time before trial . . . ." 28 U.S.C. § 2679(d)(2). The statute also does not require the consent of other defendants. As there has been no trial, the timing of removal was proper. Accordingly, remand is not warranted.

V.      **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre |